**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIM. NO.  JKB-04-0156 |
| **ALAN SYLVESTER,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Now pending before the Court is Defendant's Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act. (ECF No. 86.) He requests that the motion be addressed immediately in light of the COVID-19 threat. (ECF No. 93.) The Government opposes the motion. (ECF Nos. 89, 99.) The Court has carefully reviewed the submissions of both sides and the entire record. The Defendant is eligible to be considered for relief under the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 185–86 (4th Cir. 2019). The question now is whether a sentence reduction is appropriate.

First, the Court considers how the Federal Sentencing Guidelines apply. The parties dispute if and how intervening changes to the legal landscape affect Defendant's guidelines calculation—specifically if and how guideline Amendment 742 and *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019), affect the calculation. For the purposes of this case only, the Court finds that Amendment 742 and *Norman* do not affect the guidelines applicable to Defendant.[1] The Court

---

[1] Defendant argues that under *United States v. Chambers*, __F.3d __, 2020 WL 1949249 (4th Cir. Apr. 23, 2019), the Court should recalculate Defendant's criminal history under the current legal framework. The government argues that *Chambers* merely permits the Court to "correct *retroactive* Guidelines errors," and that neither of the changes identified by Defendant have been declared retroactive. (ECF No. 99 at 2.) For the limited purposes of this

adopts Defendant's offense level calculation of 38 (*see* ECF No. 95 at 2), and the government's position that Defendant's criminal history remains VI, as originally calculated (*see* ECF No. 99 at 2–4).  Accordingly, the Court finds that the guidelines range for Defendant is 360 months to life imprisonment.

However, in calculating a sentence reduction, the Court has the authority and responsibility to apply all of the 18 U.S.C. § 3553(a) factors.  First, considering the "history and characteristics" of Defendant, the Court finds Defendant has three prior convictions for drug-related offenses.  However, these offenses occurred when the Defendant was in his teens and early twenties, did not involve firearms or violence, and are somewhat less reflective on who the Defendant is today.  As for the "nature and circumstances" of the offense, Defendant played a central role in moving and distributing significant quantities of cocaine.  There is nothing in the record that indicates Defendant was involved in violence or that he possessed weapons in relation to this charge.  Considering the "seriousness of the offense," the Court finds this case is by definition serious by virtue of the quantity of drugs involved and the societal harm attendant to drug distribution on such a large scale in this community.

As for the "need for deterrence," the Defendant has three prior convictions.  Accordingly, it is only rational to conclude that a substantial penalty is now necessary to dissuade him from future offenses.  The Court also finds that the "need to protect the public" is a significant factor in this sentencing because of the quantity of drugs involved and the Defendant's criminal record.  Additionally, the Court notes that Defendant has not been a model inmate and has received sixteen infractions during his incarceration.  (*See* ECF No. 86-4.)  However, the Court also notes that the majority of these infractions predate the year 2011, and none involved violent conduct.  (*Id.*)

---

case only, the Court adopts the government's position as a technical matter, while remaining mindful of the Court's broad discretion and duty to consider all relevant factors in determining the appropriate sentence.

Regarding the "need to avoid unwarranted sentencing disparities" among defendants with similar records and culpability, the Court has carefully considered the penalties imposed on others with similar records in similar and dissimilar cases.  The Court notes that Defendant received a significantly longer sentence than his coconspirators.  (ECF No. 86 at 14.)  Additionally, the Court notes that an individual convicted today of conduct identical to Defendant's would not be subject to certain of the sentencing enhancements applied to Defendant.  (*Id.* at 8–10; ECF No. 95 at 2–4.)

"Training and treatment" is not a significant factor in this sentencing decision.  However, the Court notes that Defendant has admitted to a "long-standing drug addiction," and that in his original submission, Defendant expressed a desire to participate in a residential drug treatment program.  (ECF No. 86 at 1, 14.)

Taking under advisement the Federal Sentencing Guidelines, the Court has computed an offense level of 38 and a criminal history category of VI.  This results in a guidelines range of 360 months to life imprisonment.  The Court finds that this guidelines range significantly overstates the culpability of this Defendant.

Application of all relevant considerations, including the § 3553(a) factors as referenced above, causes the Court to conclude that there should be a sentence reduction and that the sentence that is sufficient but not more than necessary is 240 months of incarceration, to be followed by eight years on supervised release.[2]  All other terms of the sentence imposed not altered by this memorandum remain in full force and effect and will be reflected in the amended judgment and commitment order.  This is a variant sentence under 18 U.S.C. § 3553, and it is the sentence the

---

[2] In his April 25, 2020 letter to the Court, Defendant cites the COVID-19 pandemic as a reason to grant him immediate release.  (ECF No. 93.)  Defendant did not provide any information based upon which the Court could find him to be particularly at risk.  Though the Court recognizes the dangers posed by COVID-19, the Court finds that in this particular instance, immediate release would be inappropriate in light of the considerations outlined above.

Court deems appropriate regardless of the exact computation of the guidelines at this late stage. To be clear, even if the guidelines were computed differently in this case, the sentence would nonetheless be 240 months.

Therefore, the Motion for Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act (ECF No. 86) is GRANTED to the extent described above.

DATED this 6th day of May, 2020.

BY THE COURT:

/s/

James K. Bredar
Chief Judge